No. 752

FUNTASH v. SIMONDS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6744. Decided Sept. 27, 1926.

First Publication of this Opinion.

920. PHYSICIANS AND SURGEONS— Inference that infection in injured eye of patient arose because of the absence of the physician from patient's bedside for a period of four days, is unwarrantable.

949. PRESUMPTIONS—206. Care — Presumption of law is in favor of conclusion that the physician exercised that care and skill in his professional treatment of patient as is usual among physicians and surgeons.

Error to Common Pleas.

Judgment affirmed.

Mooney, Hahn, Loeser & Keough, Cleveland, for Funtash.

Wilkin, Cross & Daoust, Cleveland, for Simonds.

SULLIVAN, J.

Paul Funtash instituted suit in the Cuyahoga Common Pleas against Otis F. Simonds, a physician and surgeon who attended him professionally at St. Lukes Hospital, for damages by reason of malpractice in the treatment of his left eye which had been injured while in performance of his occupation as a mechanic.

Dr. Simonds, on the day of the accident, instructed the nurse in charge to use cold compresses on the injured eye. A few days later, two other physicains were called in and the original instructions, as to cold compresses, were changed to hot compresses. On June 26, 1923, the patient, suffering from pain, was again visited by Dr. Simonds, and on June 27th, an infection having set in, the eye was removed by a surgical operation performed by Dr. Simonds. The patient claimed he did not give his consent to have the eye removed.

The court directed a verdict in favor of Dr. Simonds, and error is prosecuted, it being contended that there was evidence sufficient, upon the question of malpractice to go to the jury.

Plaintiff seems to rest his claim upon the absence, from June 22nd to June 26th, of Dr. Simonds, from his bed side at the hospital, without a showing that said absence was a departure from the ordinary rule and custom of physicians and surgeons in the treatment of cases of a similar nature. In other words, without any proof that such absence was malpractice, and that it resulted proximately in the infection of the eye, which resulted in the necessity of an operation in order to save the plaintiff further bodily injury and perhaps his life.

The presumption of law is in favor of the conclusion that the defendant exercised that care and skill in his professional treatment of the patient, as is usual among physicians and surgeons.

The burden of proof is upon plaintiff to show wherein the treatment was not in accord with that of the usual practice, in such cases, by physicians and surgeons of skill and repute. This the plaintiff failed to do, depending only upon the alleged inference of absence from June 22nd to June 26th, notwithstanding the disclosures of the record, that two other physicians attended him, and that nurses followed instructions as to the applications of hot and cold compresses.

If the eye was removed without consent, the action is not one for malpractice, but one more in the nature of assault. It bears no relationship to want of the exercise of ordinary care and skill on part of a physician in the treatment of the patient's case.

(Levine, PJ., and Vickery, J., concur.)

No. 753

SHEFFIELD v. SHARP

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6402. Decided May 17, 1926.

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

First Publication of this Opinion.

997. REAL ESTATE—257. Commissions— 54. Agency—Where agreement sets forth that agent is to have the exclusive right, for one year, to sell or exchange real estate, and owner, within that time, sells same through own efforts, agent can recover commission.

Error to Common Pleas.

Judgment affirmed.

Arthur P. Gustafson, Cleveland, for Sheffield.

A. J. Bradley, Cleveland, for Sharp.

SAYRE, J.

Walter Sharp instituted an action in the Cuyahoga Common Pleas against Mira Sheffield, claiming that, by the terms of an oral contract, he was to act as her agent in the sale or exchange of real estate owned by her and that he should have the sole and exclusive agency or right to sell the same, within a period of one year; and that, in the event the land was sold by Sheffield through her own efforts, Sharp should nevertheless be entitled to his commission. It was claimed that, during the year, Sheffield sold the premises.

The verdict and judgment were in favor of Sharp, and error is prosecuted.

"If an owner of real estate chooses to make a contract with a broker, in which it is stipulated that the broker shall have the exclusive right to sell the property within a specified time, and that he shall be entitled to receive a certain commission if a sale be made within the time designated, no matter who makes it, he is bound by its terms, and cannot be relieved from a bad bargain because his agreement may have been foolish or improvident." 22 Pa. 357.

There was no error in the court's charging that if plaintiff had a contract for the exclusive sale of the property, no matter by whom it might be sold, he could recover.

The question of the statute of frauds does not enter into the case because plaintiff claimed no interest in the land and the contract was susceptible of performance within the year. Randall v. Turner, 17 OS. 270.

(Mauch, PJ., and Middleton, J., concur.)